IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TOMMY JOE KELLEY #09-12072 | § | |
| | § | |
| V. | § | A-09-CA-386-SS |
| | § | |
| GREG HAMILTON | § | |
| and TRAVIS COUNTY EMPLOYEE | § | |
| MT1066 | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983 Plaintiff was confined in the Travis County Correctional Complex. His criminal cases are currently pending. Plaintiff sues Sheriff Greg Hamilton and Travis County Employee MT1066, an employee in the legal research department. Plaintiff states he is not receiving the legal materials for which he has asked. Plaintiff indicates his requests are lost or upheld. Attached to Plaintiff's complaint are several grievances and the responses thereto. In two of the responses the grievance officer indicates Plaintiff is represented by counsel in his criminal cases. Court personnel has confirmed with the Travis County Clerk that Plaintiff is currently represented by counsel.

# DISCUSSION AND ANALYSIS

A.     Standard of Review Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.     Inadequate Legal Research

Prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. McDonald v. Steward, 132 F.3d 225, 230 (5th Cir. 1998) (citing Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996) (quoting Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498 (1977))). Nevertheless, this constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Id. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." Id. (citing Lewis v. Casey, 518 U.S. 343, ___, 116 S. Ct. 2174, 2185 (1996) (quoting Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2261-62 (1987))). Additionally, before a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must

demonstrate "that his position as a litigant was prejudiced by his denial of access to the courts." Id. at 230-31 (citing Eason v. Thaler, 73 F.3d at 1328) (citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).

Plaintiff has not alleged he has been harmed by the denial of access to more legal research. Instead, he states he wishes to represent himself in his criminal cases. However, Plaintiff currently has court appointed counsel. Until Plaintiff is granted permission to represent himself court appointed counsel can assist him with his criminal proceedings. See Walters v. Edgar, 973 F. Supp. 793, 799 (N.D. Ill.1997) (holding "[t]he fact that counsel represented [plaintiff on the relevant matters] ... satisfies the requirements of Bounds").

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim for which relief may be granted.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of June, 2009.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE